IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:17-CV-195-MOC-DCK

| | |
|---|---|
| JAMES EDWARD MCCONNELL and wife, KIM MCCONNELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WATAUGA COUNTY NORTH CAROLINA, directly )<br>and vicariously acting as: THE WATAUGA COUNTY )<br>DEPARTMENT OF SOCIAL SERVICES; THOMAS )<br>HUGHES, individually and in his official capacity as )<br>Director of Watauga County Department of Social )<br>Services; JENNIFER SMITH, individually and in her )<br>official capacity as a social services Investigator; )<br>JESSICA WINEBARGER, individually and in her )<br>official capacity as a social services Caseworker; CHAD )<br>SLAGLE, individually and in his official capacity as a )<br>social services Supervisor; SHERIFF LEN D. )<br>HAGAMAN, under his bond and in his official capacity )<br>as THE SHERIFF OF WATAUGA COUNTY; JASKA )<br>"DEE DEE" ROMINGER, individually and in her )<br>official capacity as an investigator and Deputy Sheriff )<br>with the Watauga County Sheriff's Department; and )<br>WESTERN SURETY COMPANY, SURETY on the )<br>bond of Sheriff Len D. Hagaman, )<br>)<br>Defendants. )<br>_____ ) | **CONSENT PROTECTIVE ORDER** |

**NOW COME** the parties, through their counsel of record, pursuant to Rule 26(c)

of the Federal Rules of Civil Procedure and jointly move upon stipulation and agreement,

for the entry of the following Consent Protective Order and Confidentiality Agreement

("Agreement"):

1.  This Agreement governs the handling and disclosure of all material produced, given, or filed herein by the parties and designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

2.  Definitions.

    a.  "Document" means all writings, drawings, pictures, graphs, brochures, charts, video or audio recordings, and any other documents, or copies thereof, as defined in Rule 34 of the Federal Rules of Civil Procedure.

    b.  "Material" means any document or compilation of documents, any answer to any interrogatory or other discovery request, any portion of any deposition (including deposition exhibits), and any other information produced, given, or filed in this action.

    c.  "Parties" means Plaintiffs **JAMES EDWARD MCCONNELL** and wife, **KIM MCCONNELL**, and Defendants, **WATAUGA COUNTY NORTH CAROLINA, THE WATAUGA COUNTY DEPARTMENT OF SOCIAL SERVICES; THOMAS HUGHES**, individually and in his official capacity as Director of Watauga County Department of Social Services; **JENNIFER SMITH**, individually and in her official capacity as a social services Investigator; **JESSICA WINEBARGER**, individually and in her official capacity as a social services Caseworker; **CHAD SLAGLE**, individually and in his official capacity as a social services Supervisor; **SHERIFF LEN D. HAGAMAN**, in his

official capacity as THE SHERIFF OF WATAUGA COUNTY; **JASKA "DEE" ROMINGER**, individually and in her official capacity as an investigator and Deputy Sheriff with the Watauga County Sheriff's Department; and **WESTERN SURETY COMPANY** (surety on the bond of Sheriff Len D. Hagaman).

3. A party producing documents or information in this case pursuant to this Agreement may designate as CONFIDENTIAL INFORMATION any material produced in the course of discovery in this matter that he/she/they/it believes contains confidential or proprietary information by writing, typing, or stamping on the face of such material, or on a page immediately preceding the material, the words "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION," or by otherwise notifying counsel for the parties in writing that such material is designated as CONFIDENTIAL INFORMATION, and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the document or within 30 days of receipt of the deposition transcript. In the event that CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the words "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall be placed thereon.

4. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Agreement by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

5. In the event confidential or, proprietary material is inadvertently produced without placing the designation "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" thereon, the party or producing third party may, subsequent to the production, or subsequent to the 30-day period for designating deposition transcripts, designate the material as CONFIDENTIAL INFORMATION if such designation is made within 30 days of the initial production. In such event, the material shall be treated in accordance with the terms of this Agreement from the time of the designation.

6. Should a party object to the designation of any material as CONFIDENTIAL INFORMATION that party may go before the Court at any time for a determination that the material shall not be so treated. Until the Court enters an Order changing the designation of the material, it shall be treated as confidential as provided for in this Agreement. The parties further agree that pending a ruling on this issue, they will not disclose the disputed CONFIDENTIAL INFORMATION to third parties/nonparty witnesses who are not otherwise bound by the terms of this Agreement.

7. Except upon further Order of the Court, CONFIDENTIAL INFORMATION, and information derived therefrom, shall be disclosed only to the following:

(1) the parties;

(2) counsel for the parties, their legal assistants, and other staff members who provide assistance in the legal representation of the parties;

(3) Any person from whom testimony is taken or is to be taken, including a deponent, during a deposition in this action or in preparation therefore, or other witness for matters related to this action except that such a person may only be

shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

(4) a court reporter and his or her staff utilized for depositions in the course of this litigation for purposes of preparing transcripts;

(5) consultants or experts to the extent deemed necessary by counsel for the purposes of consultation, forming expert opinions, or assisting the parties in this action;

(6) the Court and its regularly-employed staff;

(7) insurers for any party;

(8) any individual in attendance of a Mediated Settlement Conference and

(9) for use at the trial of this action, appeal, or for any motion or other hearing activity unless otherwise excluded by the Court.

Persons described this paragraph shall be restricted to using CONFIDENTIAL INFORMATION only for purposes directly related to this action. Copies (including photocopies) of material containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder. For the purpose of sub-paragraphs (5) and (6) of Paragraph 7, above, it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

8. All CONFIDENTIAL INFORMATION, and information derived therefrom, shall be used solely in the prosecution or defense of this action and shall not be

used or disclosed by any person for any other purpose, and shall not be used in any other action other than the above-captioned action, except as provided by Court or Administrative Order.

9. The restrictions of this Agreement shall not apply to any information or material that:

- is being disclosed to a person who already has lawfully acquired possession of such information in a matter that does not violate the provisions of this Agreement;

- was, is or becomes public knowledge, other than by reason of a violation of this Agreement;

- was or is acquired without obligation of secrecy in a manner that does not violate the provisions of this Agreement (including, without limitations, through independent development);

- has been denied the "Confidential" designation by a court sustaining a party's objection thereto; or

- is subject to Court or Administrative Order.

10. Prior to disclosing or displaying the confidential information to any person, counsel shall:

a. Inform the person of the confidential nature of the information or documents; and

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

Any person, other than counsel of record, employees of counsel, the court, its personnel, and court reporters and their staff, to whom CONFIDENTIAL INFORMATION is disclosed, is required to destroy such CONFIDENTIAL INFORMATION, as soon as

practicable after settlement, the entry of final judgment, discontinuance, dismissal with prejudice or other final disposition of this action, including all appeals, or as may otherwise be directed by the court.

11. The entry of this Agreement is not intended and should not be construed in any way to waive any of the privileges and rights of any of the parties regarding any of the material covered by this Agreement, including but not limited to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH") provisions of the American Recovery and Reinvestment Act.

12. This Agreement shall not prevent any party from applying to the Court for relief therefrom, from applying to the Court for further or additional protective orders, or from agreeing to make modifications to this Agreement.

13. As soon as practicable after settlement, the entry of final judgment, discontinuance, dismissal with prejudice or other final disposition of this action, counsel for the parties shall destroy all CONFIDENTIAL INFORMATION, including all copies, with the exception of any copies submitted to the Court, which were produced pursuant to this Agreement.

14. The ultimate disposition of all protected materials hereunder are subject to a final order of the Court on the completion of litigation.

AGREED TO:


/s/William E. Moore, Jr.
William E. Moore, Jr.
N.C. Bar # 9962
GRAY,LAYTON, KERSH, SOLOMON,
FURR & SMITH, P.A.
516 South New Hope Road
Gastonia, NC 28053
*Attorneys for Plaintiffs,*

Date: April 26, 2018



/s/Bradley O. Wood
Bradley O. Wood, Esq.
NC State Bar No.: 22392
WOMBLE BOND DICKINSON (USA) LLP
One West Fourth St.
Winston-Salem, NC 27101
*Attorneys for Defendants*

Date: April 26, 2018

    Signed: April 26, 2018

    David C. Keesler
    United States Magistrate Judge