# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:17-CV-195-MOC-DCK

| | |
|---|---|
| JAMES EDWARD MCCONNELL and wife, KIM MCCONNELL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) PROTECTIVE ORDER<br>) REGARDING NORTH |
| WATAUGA COUNTY NORTH CAROLINA, directly and vicariously acting as: THE WATAUGA COUNTY DEPARTMENT OF SOCIAL SERVICES; THOMAS HUGHES, individually and in his official capacity as Director of Watauga County Department of Social Services; JENNIFER SMITH, individually and in her official capacity as a social services Investigator; JESSICA WINEBARGER, individually and in her official capacity as a social services Caseworker; CHAD SLAGLE, individually and in his official capacity as a social services Supervisor; SHERIFF LEN D. HAGAMAN, under his bond and in his official capacity as THE SHERIFF OF WATAUGA COUNTY; JASKA "DEE DEE" ROMINGER, individually and in her official capacity as an investigator and Deputy Sheriff with the Watauga County Sheriff's Department; and WESTERN SURETY COMPANY, SURETY on the bond of Sheriff Len D. Hagaman, | ) CAROLINA STATE<br>) BUREAU OF<br>) INVESTIGATION<br>) FILE NO. 2014-01762<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

The parties to this litigation, by and through their undersigned counsel, and the North Carolina State Bureau of Investigation (hereinafter "SBI"), by and through its undersigned counsel, stipulate to the entry of this Protective Order allowing release of the SBI Report, File No. 2014-01762 ("SBI Report") regarding a polygraph examination of Plaintiff James Edward McConnell conducted on September 4, 2014 by a polygrapher of the North Carolina State Bureau of Investigation, which is relevant to this civil lawsuit.

Counsel for the parties and counsel for the SBI stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order and the further provisions herein:

1. The parties believe that the SBI report may be material and relevant to the subject matter involved in this litigation or may lead to relevant evidence.

2. The parties request that the SBI Report in this matter, File No. 2014-01762, be released by the SBI to their respective counsel.

3. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties in response to the parties' request for the following reasons:

    a. No policy reason exists for denial of the request of the parties for production of these materials;

    b. There is no prejudice to the SBI by releasing this material;

    c. There are no identities of persons contained in the materials which need to be protected; and

    d. Any criminal investigation which might have been the subject of this file has been concluded.

4. This order governs the handling and disclosure of the materials contained in SBI File No. 2014-01762 regarding a polygraph examination of Plaintiff James Edward McConnell conducted on September 4, 2014 by a polygrapher of the North Carolina State Bureau of Investigation.

5. Except as may be otherwise provided by further order of the Court, documents contained within SBI File No. 2014-01762 shall be used *for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified herein.*

6. Access to and the use of any documents, or any part thereof, of the SBI File No. 2014-01762 shall be limited to the following qualified persons/entities:

   a. The parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

   b. Any potential or actual deposition or trial witness (during a deposition or trial, or in preparation therefor) when the SBI report or any part thereof is materially related to the questions asked of, or the testimony of, such deponent or witness, or to the extent that it is necessary to tender to such deponent or witness the SBI report or any part thereof in order to elicit testimony relevant to the matters at issue in this case;

   c. Mediators;

   d. Consultants and technical experts retained by the respective parties, as further set forth in Paragraph 10 hereinbelow;

   e. Court reporters, their transcribers, assistants and employees;

   f. The Court; and

   g. The jury and trier of fact.

7. Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

8. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

9. Those individuals and entities who are permitted access to the SBI Report materials and information pursuant to the provisions of this Protective Order are hereby ordered not to show, disclose, convey or reproduce any documents so designated or parts thereof, or any copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity that would not otherwise be eligible to have access to said documents under the provisions of this Protective Order.

10. Counsel may make copies of materials contained within the SBI Report for Plaintiffs' or Defendants' experts upon receiving from said experts *a written agreement* that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiffs' or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiffs' and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Commission for purposes of enforcement of this Protective Order.

11. It is specifically agreed that the disclosure of, making the materials or documents available for inspection, and/or the production of the materials or documents shall not constitute a waiver by the parties or SBI of any claim of confidentiality or privilege. The parties reserve all rights to object to the admissibility of such materials and information as provided by the North Carolina Rules of Evidence and North Carolina Rules of Civil Procedure.

12. Any documents or other materials contained within the SBI Report that are designated as "CONFIDENTIAL" pursuant to any protective order entered in this case, marked as "CONFIDENTIAL" by the SBI, or deemed to be confidential as a matter of law pursuant to North Carolina General Statute or case law may be filed with the Court only if the material and information

is filed in a sealed envelope or package containing on the exterior of such envelope or package a general description of the contents and a statement that states the contents hereof are confidential and may be revealed only by action of the Court. The administrative staff of the Court shall maintain such sealed envelope or package intact and unopened except as otherwise directed by the Court. However, such information shall continue to be available to the Court and to those persons listed in this Protective Order.

13. After the final disposition of this action, including the conclusion of any and all appeals, all SBI Report materials and information that were maintained in sealed files of the Court shall be returned to the counsel who filed such information with the Court, or returned to counsel for the SBI.

14. All copies of the SBI Report or portions thereof shall be returned by counsel for the parties to the SBI at the conclusion of this action or destroyed at the election of counsel, with a certification that no other copies exist, and that all copies have been duly returned or destroyed in compliance with this Protective Order.

15. This Protective Order shall not prevent any party or the SBI fhm1 applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**SO ORDERED**.

Signed: September 5, 2018

David C. Keesler
United States Magistrate Judge

STIPULATED and CONSENTED TO:

s/ _____

J. Joy Strickland
Deputy General Counsel
N.C. State Bureau of Investigation
3320 Garner Road
Raleigh, NC 27610
9I9-662-4500 (Main #)
919-582-8524 (Direct #)
Email: jstrickland@ncsbi.gov
*Counsel for the North Carolina State Bureau of Investigation*

William E. Moore, Jr.
Gray, Layton, Kersh Law Firm 516
South New Hope Road Post Office
Box 2636 Gastonia, NC 28053
Email: bmoore@gastonlegal.com
*Counsel for Plaintiffs*


Bradley O. Wood
N.C. State Bar No.: 22392
WOMBLE BOND DICKINSON (US), LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 728-7012
Facsimile: (336) 726-6913
E-mail: brad.wood@wbd-us.com
*Counsel for Defendants*