**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-195-MOC-DCK**

| | |
|---|---|
| **JAMES EDWARD MCCONNELL and wife, KIM MCCONNELL,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**WATAUGA COUNTY, NORTH CAROLINA, et al,** )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion For Leave To File Their Response In Opposition To 'Plaintiffs' Motion To Compel And For Sanctions, Including Costs' And Supporting Exhibit Under Seal" (Document No. 56) filed February 4, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

**(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal

except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

**(d)** *Filing of an Unredacted Copy Allowed*. The party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal.

**(e)** *Public Notice*. No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c). Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion within the time provided by LCvR 7.1 and may move to intervene under Fed.R.Civ.P. 24. Where the Court acts before the response, any party or non- party may move to unseal at any time.

**(f)** *Orders Sealing Documents*. When addressing motions to seal, the Court must consider alternatives to sealing. If the Court determines that sealing is necessary, it will state its reasons with findings supporting its decision. The Court will also specify whether the sealing is temporary or permanent, and also may redact such orders in its discretion.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been met. However, counsel for both sides are respectfully reminded of the requirement of consultation pursuant to Local Rule 7.1(b).

As reflected in the Rules, the Court is required to consider the factors contained in Local Civil Rule 6.1(c). The first factor is found in Local Civil Rule 6.1(c)(1), which requires that the parties adequately describe the materials sought to be sealed. The Rule requires "[a] non-confidential description of the material sought to be sealed." Local Rule. 6.1(c)(1). The Rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is adequate.

The Court next considers Local Rule 6.1(c)(2), which requires "[a] statement as to why sealing is necessary and why there are no alternatives to filing under seal." Local Rule 6.1(c)(2). Such statement has been provided and is adequate as it appears that the documents that Defendants seek to seal contain sensitive and confidential information regarding a minor.

As to Local Rule 6.1(c)(3), there are no provisions for sealing matters beyond the life of the case, inasmuch as case materials must be placed in the National Archives. If the parties believe at the conclusion of the case that such materials remain sensitive, they should move the Clerk of Court to strike any such sensitive pleadings from the official Court record.

Finally, the Court has considered Local Rule 6.1(c)(4), which requires the parties to provide citations of law supporting the relief they seek. Defendants have complied with such provision, and such request is consistent with Media General Operations, Inc. v. Buchanan, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. Washington Post, 807 F.2d at 390. The decision to

3

> seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." Goetz, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. Goetz, 886 F.2d at 66.

Id. at 429. The proposed sealing of the exhibit in this matter would be consistent with applicable legal authority.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion For Leave To File Their Response In Opposition To 'Plaintiffs' Motion To Compel And For Sanctions, Including Costs' And Supporting Exhibit Under Seal" (Document No. 56) is **GRANTED**.

Signed: February 5, 2019

David C. Keesler
United States Magistrate Judge